IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                      ORDER

   v.                              01-cr-112-bbc-01

BRIAN DORENZO,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     A hearing on the probation office's petition for judicial review of Brian Dorenzo's supervised release was held on July 17, 2012, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U. S. Attorney Jeffrey M. Anderson. Defendant was present in person and by counsel, Antonette Laitsch. Also present was U. S. Probation Officer Michael J. Nolan.

     From the record and the parties' stipulation, I make the following findings of fact.

FACTS

     Defendant was sentenced on April 16, 2002, following his conviction for distribution of more than 5 grams of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class A felony. Defendant was committed to the

custody of the Bureau of Prisons to serve a term of imprisonment of 170 months, with a 60-month term of supervised release to follow. On April 15, 2008, defendant's sentence was reduced to 100 months, with 60-month term of supervised release to follow.

On March 20, 2009, defendant began his term of supervised release.

On May 14, 2010, defendant was involved in a physical altercation with Christina Cipun, in violation of the mandatory condition prohibiting him from committing another federal, state or local crime. On July 29, 2010, defendant was convicted of disorderly conduct (Dane County, Wisconsin Circuit Court Case No. 2010CM001246).

On February 14, 2011, defendant was involved in a domestic altercation with Christina Cipun, in violation of the mandatory condition prohibiting him from committing another federal, state or local crime. On October 6, 2011, defendant was convicted of criminal damage to property (Dane County, Wisconsin Circuit Court Case No. 2011CM000436).

On February 13, 2012, defendant violated the mandatory condition prohibiting him from committing another federal, state or local crime and Standard Condition No. 9, prohibiting him from associating with a felon, when he and convicted felon Naaman Dorenzo were arrested for possession of stolen property and retail theft. On May 3, 2012, defendant was convicted of theft, an ordinance violation and not a crime (Dane County,

Wisconsin Circuit Court Case No. 2012CM000404).

On April 29, 2012, defendant again violated the mandatory condition prohibiting him from committing another federal, state or local crime when he was arrested and issued a City of Madison ordinance citation for party to retail theft.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 60-month term of supervised release imposed on defendant on April 15, 2008 will be revoked.

Defendant's criminal history category is IV. With a Grade C violation, defendant has an advisory guideline range of imprisonment of 6 to 12 months. The statutory maximum to which defendant can be sentenced upon revocation is not more then five years under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than five years if the offense for which the defendant was sentenced previously was a Class A felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the low end of the guideline range. The intent of

3

this sentence is to hold defendant accountable for these violations and protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Brian Dorenzo on April 15, 2008, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of six months with no term of supervised release to follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 17th day of July 2012.

> BY THE COURT:
> /s/
> Barbara B. Crabb
> U.S. District Judge